IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                              CASE NO. 07-60011

DOMINIC VICTOR MARCANTONIO                                       DEFENDANT

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss the Indictment (Doc. 38) and the United States' Response (Doc. 39). The Court, being well and sufficiently advised, finds that Defendant's Motion should be DENIED.

Defendant was charged in the indictment with failure to register pursuant to 18 U.S.C. § 2250, the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901 *et seq.* ("Adam Walsh Act").   This act concerns a defendant who "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA").

Defendant contends the indictment is defective in three ways.   One, there is no evidence Defendant traveled in interstate commerce, an essential element of the offense, after the effective date of the law.   Defendant asserts that retroactive application of the law would violate the United States Constitution's prohibition against *ex post facto* laws. Two, Defendant was never notified of his requirement to register under SORNA, as required by SORNA's own provisions. Three, SORNA

did not apply to the Defendant during the date charged in the indictment.

This Court has previously ruled that SORNA is not an *ex post facto* law as have the majority of district courts that have considered the issue.  *See United States v. Mason*, 2007 WL 1521515 (M.D. Fla. May 22, 2007); *United States v. Hinen*, 2007 WL 1447853 (W.D. Va. May 12, 2007); *United States v. Markel*, 2007 WL 1100416 (W.D. Ark. Apr. 11, 2007); *United States v. Manning*, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); *United States v. Madera*, 474 F. Supp.2d 1257 (M.D. Fla. 2007).[1]

Defendant's second argument concerns his lack of knowledge of the requirement to register as a sex offender under Section 2250.  Defendant contends his duties under SORNA were not explained to him by an "appropriate official" as required by the statute.  However, Section 2250 requires the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act." A defendant is required by SORNA to comply with registration obligations as imposed by other laws.  SORNA also imposes its own registration obligations in some instances.  The Defendant

---

[1]  In *United States v. Smith*, 2007 WL 735001 (E.D. Mich. Mar. 8, 2007), the court held that SORNA violated the Ex Post Facto Clause but only insofar as the defendant traveled in interstate commerce prior to the effective date of SORNA.

AO72A
(Rev. 8/82)

was informed , at least in February of 2002 of his obligation to register as a sex offender and on February 15, 2002 Defendant registered as a sex offender in the state of Michigan. Defendant was required to report to a local law enforcement agency between January 1 and January 15 of each year and verify his current address once a year for 25 years.  On January 7, 2005 Defendant did so report and acknowledged, again, his registration duties.  At this time defendant also signed a form titled "Explanation of Duties to Register as a Sex Offender," which set forth his registration duties.  Beginning in August 2006, Defendant began working in Hot Springs, Arkansas as a temporary employee.

Although Defendant's notice of his obligations to register as a sex offender was prior to the enactment of SORNA, a violation of SORNA requires that a defendant knowingly fail to register or update a registration.  A defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

In *Madera*, the Defendant signed a sexual registration form from New York dated May 1, 2006, which was prior to the enactment of SORNA.  This form informed the defendant he must register as a sex offender within ten days of establishing a residence if he moved to another state.  The *Madera* court found

Page 3 of 6

the defendant was "on fair notice that he was required to register as a sex offender." *Madera* at 1262. Accordingly, no new duties were imposed by SORNA nor did SORNA impair any rights of the defendant when he failed to register.  The same is true in our case as Defendant knew he was under an obligation to register and no new duties were given to him. Moreover, the Supreme Court has held that ignorance of the law is generally no excuse to break the law, even in offender registration contexts, where the necessity of registration is likely to be known. *See* *Lambert v. California*, 355 U.S. 255 (1957).

Defendant makes a final argument that SORNA is inapplicable to him on the date specified in the indictment – February 21, 2007.  SORNA was enacted on July 27, 2006.  On February 28, 2007, the Attorney General issued an interim rule which stated "[t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."  Defendant contends that SORNA was not retroactively applicable until the Attorney General's pronouncement on February 28, 2007.  Since his indictment is for acts that occurred on February 21, 2007, Defendant claims his indictment for this date must be dismissed for SORNA did not yet apply to him.

Like the other issues presented by Defendant, there is a

AO72A
(Rev. 8/82)

split of authority on this issue.  In *United States v. Smith*, 2007 WL 1725329 (S.D. W.Va. June 13, 2007), the court held that "[n]ot until the issuance of the Attorney General's interim rule . . . was there any way to notify past offenders."  The *Smith* Court went on to hold that SORNA did not apply to the defendant because during the lapse in time from the effective date of the statute until the interim rule, "the act did not apply to past offenders."

This Court finds the better reasoned line of cases, and those comporting with this Court's own precedent, to be *United States v. Muzio*, 2007 WL 1629836 (E.D. Mo. 2007) and *United States v. Hinen*, 2007 WL 14478353 (W.D. Va. May 12, 2007).  In *Hinen*, the Court stated "[t]he plain language of SORNA requires an offender to register, without regard to any construction of the statute by the Attorney General."  The *Hinen* court found the delegation provision only referred to those persons who were not required to register by their state's registration law.  "As long as the government can prove that the defendant was required to register or update his registration under the existing state law of his residence," then the interim rule has no practical effect.  *Muzio*, *2.

In our case, Defendant was clearly under a state requirement to register as a sex offender.  As this court stated in *United States v. Manning*, 2007 WL 624037 9(W.D. Ark. Feb. 23,

AO72A
(Rev. 8/82)

2007) "[a] defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law."

For the above stated reasons, Defendant's Motion to Dismiss Indictment (Doc. 38) is DENIED and this matter remains set for a jury trial on Monday, October 1, 2007.

IT IS SO ORDERED this 31st day of July, 2007.

>                          */s/ Robert T. Dawson*
>                          Honorable Robert T. Dawson
>                          United States District Judge

AO72A
(Rev. 8/82)